UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON RILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID KNOWLES, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-0057 - --- - JLT<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE MATTER WITHOUT PREJUDICE |

Plaintiff Cameron Riley filed a "Writ of Mandamus" pursuant to 28 U.S.C. § 1361, asserting the Court should "compel an officer of the United States to perform his duty." (Doc. 1)  Because Plaintiff is unable to state claim upon which relief may be granted by this Court, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the matter be **DISMISSED** without prejudice.

**I.     Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d

1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed IFP be denied because, as discussed below, the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.    Discussion and Analysis**

Plaintiff asserts Commissioner Knowles erred in ordering Plaintiff to pay child support.  (Doc. 1 at 10)  According to Plaintiff, child support is "unconstitutional."  (*Id.* at 11)  Further, Plaintiff contends the law taking away his driver's license for failure to pay child support is a bill of attainder in

violation of the Constitution. (*Id.* at 5) Therefore, Plaintiff requests the Court vacate the state's orders regarding child custody and his arrears, restore his driver's license, and clear his arrest record for failure to appear and driving on a suspended license. (*Id.*)

### A. Writ of Mandamus

Pursuant to 28 U.S.C. § 1361, the Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Ninth Circuit has determined Section 1361 does not provide an independent ground for jurisdiction or overrides other grounds for dismissal based upon jurisdictional defects. *See Drake v. Obama*, 664 F.3d 774, 785 n.5 (9th Cir. 2011)

In this case, Plaintiff does not identify any officer or employee of the United States, or one of its agencies. Rather, the defendants appear to be individuals, including the judge, involved in decisions issued by the state court. Accordingly, his request for a writ of mandamus fails.

### B. The *Rooker-Feldman* Doctrine

Plaintiff challenges the ability of the state court to require him to pay child support, and seeks judicial review of that decision. Importantly, however, under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

In this case, Plaintiff's request that the Court "vacate" the family court order and child support debt owed clearly is a forbidden de facto appeal of the state court's order directing Plaintiff to pay child support. Indeed, the *Rooker-Feldman* doctrine bars federal review of state court decisions regarding proceedings in family court. *See, e.g., Moore v. County of Butte,* 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of her child custody proceedings were properly dismissed) *Rucker v. County of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *see also Ignacio v. Judges of U.S. Court of Appeals,* 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Accordingly, the Court is unable to grant Plaintiff the relief requested according to the *Rooker-Feldman* doctrine.

### C.    Bill of Attainder

Plaintiff contends California's law permitting the revocation of his driver's license for failure to pay child support is a "bill of attainder" in violation of the Article I, § 9 of the Constitution of the United States.[2] A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without the provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425, 468 (1977). The Supreme Court has applied three tests to determine whether a statute imposes the type of "punishment" prohibited by the Bill of Attainder Clause: (1) a traditional test; (2) a functional test; and (3) a motivational test. *See id.*, at 475- 479.

#### 1.    Traditional Test

Under the "traditional" inquiry, the Court considers whether the "punishment" identified by the plaintiff is one of those "traditionally judged to be prohibited by the Bill of Attainder Clause," including: "imprisonment, banishment, …the punitive confiscation of property by the sovereign," and

---

[2] Presumably, Plaintiff refers to Cal. Fam. Code §17520, which permits an agency to seek the suspension of a driver's license for one who is more than 30 days in arrears with court-ordered child or family support payments.

"a legislative enactment barring designated individuals or groups from participation in specified employments or vocations." *Nixon*, 433 U.S. at 474-75. Because the suspension of a driver's license is not one of the punishments traditionally prohibited, Plaintiff's claim fails to satisfy this test.

### 2. Functional Test

Under this test, the Court must determine "whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes." *Nixon*, 433 U.S. at 475-76 (citing *Cummings v. Missouri*, 71 U.S. 277, 319-20 (1897); *Hawker v. New York*, 170 U.S. 189, 193-194 (1898); *Dent v. West Virginia*, 129 U.S. 114, 128 (1889); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963)).

As the Ninth Circuit observed, "It is a matter of vital importance to the community, and every state now enforces, by means of criminal sanctions, the parent's obligation to support children within his custody." *United States v. Ballek*, 170 F.3d 871, 874 (9th Cir. 1999) (addressing imprisonment for failure to pay child support). The Court explained that "[t]he non-custodial parent's obligation to pay child support is … derivative of the obligation to provide support in a custodial setting." *Id.*, 170 F.3d at 875. Because the state has a "strong concern for the welfare of minor children," the threat of suspension of a driver's license for failure to pay support helps "ensur[e] that persons too young to take care of themselves can count on both their parents for material support." *Id.*, 170 F.3d at 874. Because the statute furthers a non-punitive purpose, Plaintiff's claim fails to satisfy the functional test.

### 3. Motivational Test

Finally, under the motivational test, the law is not a bill of attainder because there are no facts showing that the state intended solely to *punish* parents who owe child support through the revocation of driving privileges. Rather, as discussed above, the intent was to ensure children are supported by both custodial and non-custodial parents. *See Ballek*, 170 F.3d at 874. Thus, Plaintiff's claim also fails to satisfy the motivational test.

## V. Order

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

///

**VI.     Findings and Recommendations**

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130.  In light of the *Rooker-Feldman* doctrine, Plaintiff is unable to state a claim upon which relief may be granted with regard to the court-ordered child support. Further, the suspension or revocation of a driver's license in accordance with Cal. Fam. Code § 17520 is not a bill of attainder in violation of California law.  Consequently, leave to amend to amend would be futile. *Lopez*, 203 F.3d at 1130 (dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts alleged).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motions to proceed in forma pauperis (Doc. 2) be **DENIED**;
2. Plaintiff's petition for writ of mandamus be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. The matter be **DISMISSED** without prejudice;
4. The remaining motion be terminated as moot; and
5. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 21, 2016**              /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE